UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARVIN PEPP | * | CIVIL ACTION |
| VERSUS | * | NO: 06-6873 |
| IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY | * | SECTION: "D"(2) |

### ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** (Doc. No. 8) filed by Defendant, Imperial Fire and Casualty Insurance Company (Imperial), in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States."[2] **_No memorandum in opposition was filed._**

The motion, set for hearing on Wednesday, November 7, 2007, is before the court on briefs, without oral argument. Now, having considered the memorandum of Imperial's counsel, the record, and

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

the applicable law, the court finds that there is no genuine issue of material fact and Imperial is entitled to judgment as a matter of law.

In this Hurricane Katrina-related matter, Plaintiff seeks flood insurance proceeds allegedly owed on a Standard Flood Insurance Policy for flood damage to Plaintiff's property located at 4735 Werner Drive, New Orleans, Louisiana.  However, based on the undisputed Affidavit of Mike Ewalt (a Claims Supervisor for Torrent Technology, a servicing agent for Imperial, and a duly designated representative of Imperial), Plaintiff did not timely submit a signed and sworn Proof of Loss for his alleged Katrina-related flood damage, and Plaintiff has failed to comply with the documentation requirements of his flood policy.  (*See* Doc. No. 8-7, Ewalt Affidavit).

As a matter of law, such a failure to timely file the requisite proof of loss is fatal to Plaintiff's instant claims against Imperial.  *Wright v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005);  *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. ; and *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545-46 (5th Cir. 1998).[3]

---

[3] This court has previously held that under binding Fifth Circuit precedent, a plaintiff's failure to timely file a sworn proof of loss is fatal to a claim for federal benefits under the Plaintiff's SFIP. (*See e.g., Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins.* Co., 2007 WL 2363141 (E.D.La. 2007)(McNamara, J.); *Newlin v. Fidelity National Property*

Further, Plaintiff's state-law claims asserted against Imperial (for, *inter alia*, attorney's fees, expenses and interest) are pre-empted by the National Flood Insurance Act and related regulations. *Gallup v. Omaha Property & Casualty Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 389-90.

Accordingly;

**IT IS ORDERED** that Imperial's **"Motion for Summary Judgment"** be and is hereby **GRANTED**, dismissing Plaintiff's claims against Imperial with prejudice.

New Orleans, Louisiana, this **7th** day of **November, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

*& Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007)(McNamara, J.), *Airhart v. Allstate Insurance Company,* 2007 WL 2127720 at *2 (E.D.La. 2007)(McNamara, J.); and *Sandot v. La. Citizens Fair Plan*, No. 06-3783, Doc. No. 25 (McNamara, J).